IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**                                      **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 5:07-cv-214-DCB-MTP**

**UNKNOWN DUCKWORTH and UNKNOWN WRIGHT**          **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. On December 7, 2007, an order was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within twenty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice. Instead of paying the filing fee, the Plaintiff filed a letter with a purported promissory note attached.

On February 1, 2008, the Court entered an order finding Plaintiff's letter and promissory note to not be an acceptable form of payment for the filing fee in this case. The Plaintiff was granted an extension of time until February 13, 2008, to comply with this Court's order of December 7, 2007, by paying the required filing fee of $350.00. The

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff was explicitly warned that if the Court did not receive payment of the filing fee for this case, in an acceptable form, on or before February 13, 2008, this case would be dismissed, without further notice to the Plaintiff.  The Plaintiff has failed to pay the filing fee.  Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of December 7, 2007, and February 1, 2008, this case will be dismissed.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court regarding this case since December 20, 2007.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the   11th   day of March, 2008.

s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE